IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

PAUL NAVARRO, as Guardian for
Paul Navarro, Jr.,

                Plaintiff,      Case No.: 2:18-cv-05829 (DRH) (SIL)

v.

INDEPENDENCE BLUE CROSS and
MSC INDUSTRIAL DIRECT CO, INC., &
AFFILIATES ASSOCIATE MEDICAL PLAN,

                Defendants.

**ANSWER AND AFFIRMATIVE DEFENSES OF
DEFENDANTS, INDEPENDENCE BLUE CROSS AND
MSC INDUSTRIAL DIRECT CO., INC. & AFFILIATES ASSOCIATE BENEFIT PLAN
TO PLAINTIFF'S SECOND AMENDED COMPLAINT**

Defendants, Independence Blue Cross ("Independence") and MSC Industrial Direct Co., Inc., & Affiliates Associate Benefit Plan, by and through their counsel, the Law Offices of John G. Luboja, LLP, hereby answer plaintiff's Second Amended Complaint as follows:

1. Denied as stated. It is admitted that this is an action under ERISA relating to a claim for surgical services provided to Paul Navarro, Jr. at Cohen Children's Medical Center in New Hyde Park in January 2015. As to the remaining allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

2. Denied as stated. It is admitted only that Dr. Mittler, a surgeon affiliated with Long Island Neurosurgical Associates, P.C. ("LINA") submitted a claim for surgical services provided to the patient in January 2015. As to the remaining allegations, defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

3. Admitted.

4. Denied as stated. LINA had no appeal rights under the employee benefit plan. It is admitted that in responding to LINA's inquiries, Independence advised LINA that it had paid the maximum allowable benefit provided under the plan. By way of further answer, as claim administrator, Independence had no duty to provide information as to the plan documents to LINA.

5. Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

6. Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

7. Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

8. Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth of these allegations.

## JURISDICTION

10. Admitted.

11. Admitted.

12. Admitted.

## PARTIES

13. Admitted.

14. Denied as stated. Independence Blue Cross is a Pennsylvania limited liability company

that through its affiliates provides health care plans to small and large groups, and administers self-funded plan such as the MSC Direct Industrial plan, for which QCC Insurance Company doing business as Independence Administrators, an affiliate of Independence Blue Cross, provided claims administration. All other allegations not explicitly admitted herein, are hereby denied.

15. Denied as stated. MSC Industrial Direct Co., Inc. provided a self-funded employee benefit plan to its employees. It is admitted that MSC is the plan administrator, and that MSC funded the plan benefits paid on behalf of its employees, and that its address is as stated.

16. Denied as the Summary Plan Document is a document which speaks for itself. It is admitted that the plan documents so provided.

## FACTUAL ALLEGATIONS

17. Admitted upon information and belief.

18. Admitted upon information and belief.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

20. Admitted.

21. Admitted.

22. Admitted.

23. Denied as stated. LINA had no appeal rights under the employee benefit plan. It is admitted that LINA forwarded inquiries to Independence, and that Independence advised LINA that it had paid the maximum allowable benefit provided under the plan.

24.  Denied as stated. Neither BD nor LINA were entitled to the plan documents as neither were plan participants nor plan beneficiaries, and such requests were not made to the plan administrator, MSC. Further answering, Independence had no obligation to provide plan documents to BD or LINA.

25.  Denied as Independence provided accurate information regarding the payments and plan benefits. The remaining allegations are denied as conclusions of law. By way of further answer, there is no private cause of action pursuant to 29 C.F.R. § 1560.503-1(g).

26.  Denied as Independence provided accurate information regarding the payments and plan benefits. By way of further answer, there is no private cause of action pursuant to 29 C.F.R. § 1560.503-1(g). The remaining allegations are denied as a conclusion of law.

27.  Denied as the SPD is a writing that speaks for itself. The remaining allegation is denied as a conclusion of law.

28.  The regulation is a writing that speaks for itself. Independence provided an explanation of benefits that complied with the regulation.

29.  The EOB is a writing that speaks for itself. No further explanation was necessary as to the amount of the payment.

30.  As to the allegations regarding Dr. Mittler, defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations. As to the remaining allegations, Independence had no obligation to pay an amount other than that permitted by the employee benefit plan.

31.  Denied as any BCBS pediatric neurosurgeon anywhere in the United States, including those providers participating with Empire BCBS, were in network providers. Independence

denies that it should have or was obligated to pay Dr. Mittler as stated.

32. Defendants deny knowledge or information sufficient to form a belief as to the truth of these allegations.

33. Denied as conclusions of law. Furthermore, the SPD is a writing which speaks for itself. By way of further answer, Independence did not have an obligation to pay any amount other than the amount specified in the employee benefit plan.

34. The regulation is a writing that speaks for itself. By way of further answer, the plan was not a managed care plan, and the statute does not apply.

35. Denied as Independence was not subject to the statute as the plan was not a managed care plan.

36. Denied as Independence was not subject to the statute as the plan was not a managed care plan. The remaining allegations are denied as a conclusion of law.

37. Denied as stated. Independence paid the claim in accordance with the plan documents, which required that it pay Dr. Mittler as an out of network provider as he did not participate in any BCBS plan, and the amount payable was limited to the Medicare rate.

38. Denied as Independence was not required to offer a single case agreement, and plaintiff selected the provider, which was his right under the plan, subject to all of the plan's terms and conditions.

## COUNT I

39. Admitted.

40. Denied as Independence paid the maximum amount allowed pursuant to the plan. The remaining allegations are denied as conclusions of law.

41. Denied. Plaintiff is not entitled to the relief sought as all benefits due and owing were paid.

## COUNT II

42. Denied as conclusions of law. MSC satisfied all of its obligations pursuant to ERISA and pursuant to the plan.

43. Denied as conclusions of law. MSC satisfied all of its obligations pursuant to ERISA and pursuant to the plan.

44. Denied as conclusions of law. MSC satisfied all of its obligations pursuant to ERISA and pursuant to the plan.

45. Denied as conclusions of law. MSC satisfied all of its obligations pursuant to ERISA and pursuant to the plan.

46. Denied as conclusions of law. MSC satisfied all of its obligations pursuant to ERISA and pursuant to the plan.

47. Plaintiff is not entitled to the relief sought as all benefits due and owing were paid.

Wherefore defendants demand judgment in its favor against plaintiff, including the costs of this action, and such other and further relief as the Court may deem just and appropriate.

## FIRST AFFIRMATIVE DEFENSE

The second amended complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

No private cause of action arises pursuant to 29 C.F.R. § 2520.503-1.

## THIRD AFFIRMATIVE DEFENSE

The employee benefit plan provided in pertinent part that when a covered person seeks care from an out of network professional provider, the covered person is responsible for the difference between the provider charge and the carrier's payment.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff failed to exhaust any or all administrative appeals permitted or required by the plan.

## FIFTH AFFIRMATIVE DEFENSE

Any payment due was subject to the applicable deductible and co-insurance amount.

## SIXTH AFFIRMATIVE DEFENSE

Defendants breached no fiduciary duties, if any, owed to plaintiff.

Dated: Ossining, New York
December 11, 2018

Respectfully submitted,

LAW OFFICES OF JOHN G. LUBOJA, LLP

By: _____
Osvaldo De La Cruz
500 Executive Blvd., Suite 103
Ossining, New York 10562
Tel.: (914) 373-5100
Fax: (914) 373-5101
E-mail: odelacruz@lubojalaw.com
Attorneys for Defendants
*Independence Blue Cross and
MSC Industrial Direct Co., Inc. &
Affiliates Associate Benefit Plan*

cc:     Counsel of Record (via ECF)